***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for some modifications, the Full Commission enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter of this case.
2. An employer/employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer is self-insured, with the claims administered by Sedgwick of the Carolinas, Inc.
4. Defendant accepted the claim in I.C. File No. 144769 pursuant to an Industrial Commission Form 21, which was approved by the Commission on September 25, 1991. This claim concerns a back injury that occurred on June 9, 1991.
5. I.C. File No. 150482 involves an alleged injury by accident and resulting mental disability suffered by plaintiff on June 26, 1991.
6. At the time of both injuries, plaintiff's average weekly wage was $457.38, yielding a compensation rate of $304.00 per week.
7. Deputy Commissioner Hall bifurcated this case on defendant's motion to dismiss. In lieu of an evidentiary hearing, the parties submitted contentions and both Industrial Commission files were made a part of the evidence of record. This matter has been the subject of the following prior Opinion and Awards which are part of the record:
 a. Opinion and Award filed September 29, 1993 by former Deputy Commissioner Gregory M. Willis in I.C. File No. 144769.
 b. Interlocutory Opinion and Award filed April 28, 1997 and Opinion and Award filed February 24, 1998 by Deputy Commissioner Theresa B. Stephenson in I.C. File Nos. 144769 and 150482.
 c. Opinion and Award filed June 9, 1999 by Commissioner Thomas J. Bolch in I.C. File Nos. 144769 and 150482.
8. The issue for determination before the Commission is whether plaintiff is entitled to medical benefits under Hyler v. GTE ProductsCo., 333 N.C. 258, 425 S.E.2d 698 (1993), or whether defendant is entitled to a dismissal in plaintiff's claim involving an injury by accident occurring on June 9, 1991.
 ***********
Based upon all the competent evidence of record, the Full Commission finds as fact and concludes as a matter of law the following:
 FINDINGS OF FACT
1. At the time of plaintiff's injury by accident on June 9, 1991, plaintiff was a 39 year old male with a high school education. Plaintiff was employed by defendant-employer as a spinning operator.
2. Defendant accepted compensability of plaintiff's injury of June 9, 1991 by filing a Form 21 Agreement that was approved by the Commission on September 25, 1991 (I.C. No. 144769).
3. Plaintiff filed a second claim in I.C. No. 150482 alleging an injury by accident on June 26, 1991 which resulted from a fainting incident at defendant-employer's place of employment.
4. An issue involving suitable employment in I.C. No. 144769 was heard by former Deputy Commissioner Gregory M. Willis who filed an Opinion and Award on September 29, 1993. Deputy Commissioner Willis ordered that "Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his injury by accident, after said medical bills have been submitted to the Industrial Commission and approved by the Commission." No appeal was taken from this decision.
5. The case came on for hearing again in 1997 before Deputy Commissioner Theresa B. Stevenson who filed an Opinion and Award on February 24, 1998 finding that plaintiff's second claim for head and psychological injuries was compensable. Defendant was ordered to pay all medical expenses incurred as a result of plaintiff's compensable injuries by accident.
6. Upon appeal by defendant to the Full Commission, Commissioner Thomas J. Bolch filed an Opinion and Award for the Full Commission on June 9, 1999. The Full Commission reversed the Deputy Commissioner's decision and denied benefits for plaintiff's claim for head and psychological injuries. In the Award, the Commission ordered:
 "1. The decisions of Deputy Commissioner Stephenson are hereby reversed."
"2. Plaintiff's claim for additional benefits is hereby DENIED."
7. Plaintiff filed a notice of appeal from the Full Commission Opinion and Award but the appeal was dismissed after plaintiff's former attorney failed to perfect the appeal.
8. In February 2001 plaintiff filed an Industrial Commission Form 33 requesting Hyler benefits for medical treatment for his compensable back injury sustained on June 9, 1991.
9. Defendant filed a motion to dismiss plaintiff's claim, alleging that the issue of Hyler benefits is res judicata based upon the previous decision of the Full Commission.
10. The Opinion and Award filed September 29, 1993 by Deputy Commissioner Willis held that plaintiff was not entitled to indemnity compensation after April 23, 1992, but awarded plaintiff ongoing medical compensation for treatment related to the compensable injury by accident sustained by plaintiff on June 9, 1991. No appeal was taken from that decision and defendant is now barred by the doctrine of res judicata from denying payment of medical compensation related to plaintiff's compensable back injury.
11. The subsequent Full Commission Opinion and Award filed June 9, 1999 does not affect the prior award of medical benefits in Deputy Commissioner Willis' Opinion and Award. The issues before the Full Commission in 1999 were whether plaintiff sustained a second compensable injury by accident on June 26, 1991 and whether his current medical condition was causally related to the compensable injury by accident on June 9, 1991, to the alleged incident on June 26, 1991 or a combination of both incidents. The Full Commission in its Opinion and Award held that plaintiff did not sustain a compensable injury by accident on June 26, 1991 and that "plaintiff's claim for additional benefits based on the alleged disability arising from his initial back injury is barred by resjudicata where the alleged disability was in existence at the time of the June 22, 1993 hearing before the Deputy Commissioner [Willis]." The Opinion and Award includes no denial of additional medical treatment for plaintiff's back injury and, in fact, does not mention medical compensation in the Award section and therefore does not defeat the continuing entitlement to medical benefits afforded under Hyler.
12. Plaintiff is entitled to seek additional medical treatment underHyler. However, the record does not include any evidence regarding specific medical treatment plaintiff has received, in that the case was bifurcated for a ruling on defendant's motion to dismiss.
13. This matter was appealed to the Full Commission by defendant from an Opinion and Award awarding benefits to plaintiff and results in an affirmation of that award.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident to his back on June 9, 1991. Plaintiff is entitled to have defendant provide for all medical compensation arising from his injury by accident that is reasonably required to effect a cure, give relief, or lessen the period of plaintiff's disability. N.C. Gen. Stat. §§ 97-2(19), -25;Hyler v. GTE Products Co., 333 N.C. 258, 425 S.E.2d 698 (1993).
2. Plaintiff is entitled to an attorney's fee assessed against defendant in the amount of $500.00 pursuant to N.C. Gen. Stat. § 97-88.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant's motion to dismiss is hereby DENIED.
2. Defendant shall pay for all medical compensation arising from plaintiff's June 9, 1991 injury by accident that is reasonably required to effect a cure, give relief, or lessen the period of plaintiff's disability.
3. Defendant shall pay the costs, including a reasonable attorney's fee in the amount of $500.00 to plaintiff's attorney.
This the ___ day of November 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER